JAMES M. RANDALL & wife *vs.* FRANCIS S. WYMAN.

Under *St.* 1852, *c.* 256, an officer's return of the levy of an execution, which states that he appointed an appraiser for the debtor, " he being absent from the Commonwealth and not a resident therein, and having no agent or attorney known to said officer," shows a sufficient reason for such appointment, without also stating that the debtor had neglected to appoint an appraiser.

WRIT OF ENTRY to recover land in Scituate. Plea, nul disseisin. At the trial in the superior court, the demandants put in evidence the record of a levy by extent upon the demanded

premises of an execution issued on the 16th of May 1859 on a judgment against James Wyman, from whom the tenant derived his title. The officer's return stated that one of the appraisers was appointed by the judgment creditor; a second by the officer "for James Wyman, the debtor, he being absent from the Commonwealth, and not a resident therein, and having no agent or attorney known to said officer;" and the third by the officer.

The demandants having rested their case upon this evidence, the tenant moved for a nonsuit, on the ground that the levy was void, because the officer's return did not set forth that the debtor had neglected to appoint an appraiser, and therefore did not show any authority in the officer to appoint one for him. But *Russell*, J. overruled the motion, and ruled that the officer's return was sufficient, and the levy valid. The jury returned a verdict for the demandants, and the tenant alleged exceptions.

*H. G. Parker*, for the tenant.

*J. M. Randall*, for demandants.

DEWEY, J. This court, in the cases of *Leonard* v. *Bryant*, 2 Cush. 32, and *Shields* v. *Hastings*, 10 Cush. 247, had held that a levy of execution upon real estate was void when the officer appointed an appraiser for the debtor, unless he stated in his return that the debtor had neglected to appoint one, in the language of the statute provision, Rev. Sts. *c.* 73, §§ 3, 23. In the first of the cases above cited, the reason assigned for the appointment by the officer was, "the debtor not being a resident within the Commonwealth." In the latter case, the reason stated was "not being within my precinct, but out of the State, and having no agent or attorney known to me." This case had reaffirmed the earlier case, and gone a step further, as the return of the officer stated the additional fact of the debtor's having no agent or attorney known to the officer.

The *St.* of 1852, *c.* 256, was passed during the pendency of this latter case, though apparently before the final judgment in the same. It probably was thought to present a case of an evil to be remedied by legislation. This statute declared the causes for which an officer would be justified in appointing an appraiser

for the debtor to be "if the judgment debtor shall be absent from the Commonwealth or not a resident therein, and shall have no agent or attorney known to the officer, or shall neglect to appoint an appraiser." It will be perceived that the reasons for such appointment are enlarged, and embrace the very case which this court had held was not sufficient to justify the officer in making the appointment.

It is contended by the counsel for the tenant, that the proper construction of this new statute is to hold that all the facts above recited must exist, and that the word " or " should read " and," thus connecting the different provisions and requiring their existence as a whole, and a return so stating the facts, to render the levy valid.

If the evil to be remedied was the avoiding of levies for defects in the return, which were deemed rather formal than necessary to the security of the rights of the parties, this evil of defective returns would probably be much increased by requiring the additional facts to be stated that are recited in this statute.

In the opinion of the court, the legislature intended, as they have stated in the words of the statute, to authorize the officer about to levy an execution on real estate to appoint an appraiser for the debtor; 1st. if the debtor was absent from the Commonwealth or not a resident therein, and had no agent or attorney known to the officer ; 2d. or neglected to appoint an appraiser. The return was to be held sufficient if either of these two states of facts existed, and was so stated in the return of the officer.

The return in the present case does state the first cause recited in the statute, and therefore is sufficient. The omission to add the second cause for appointing an appraiser, namely, " that the debtor neglected to appoint an appraiser," does not render the levy invalid.

The last paragraph in this statute has no reference to future levies, but was intended to provide for cases of defective levies " heretofore made," and to enable the judgment creditor to sustain what had been held a defective return of the officer, by proof of the facts recited in the statute by other evidence, to

be offered on the trial of the validity of the levy. But the legislature made no similar provision as to future levies, and we must therefore suppose that they had so far modified the law on the subject by this statute, that much less occasion would exist for allowing proof at the trial in aid of the return.

*Exceptions overruled.*